Michael A. ADENIYI, Petitioner,

v.

U.S. IMMIGRATION & NATURALIZA-
TION SERVICE; John Ashcroft, At-
torney General, Respondents.

American Immigration Law Foun-
dation ("AILF"), Amicus Sup-
porting Petitioner.

No. 02–1865.

United States Court of Appeals,
Fourth Circuit.

Submitted March 21, 2003.

Decided April 25, 2003.

Jim Tom Haynes, Cameron & Hornbos-
tel, L.L.P., Washington, D.C., for Petition-
er. Robert D. McCallum, Jr., Assistant
Attorney General, M. Jocelyn Lopez
Wright, Senior Litigation, Anthony P. Ni-
castro, Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C., for Respondents. Mary
A. Kenney, Nadine K. Wettstein, Beth
Werlin, American Immigration Law Foun-
dation, Washington, D.C., for Amicus Curi-
ae.

Before WILKINSON, MICHAEL, and
GREGORY, Circuit Judges.

Petition dismissed by unpublished PER
CURIAM opinion.

OPINION

PER CURIAM.

Michael A. Adeniyi, a native and citizen
of Nigeria, petitions this Court for review
of a final order of the Board of Immigra-
tion Appeals affirming the Immigration
Judge's decision finding Adeniyi deporta-
ble, denying the relief of suspension of
deportation, and granting voluntary depar-
ture.

Adeniyi's case, which commenced with
the issuance of an Order to Show Cause in
March 1997, is governed by the transition-
al rules of the Illegal Immigration Reform
and Immigrant Responsibility Act of 1996
(IIRIRA), Pub.L. No. 104–208, 110 Stat.
3009. We find that Adeniyi is an alien who
is deportable due to his conviction of pos-
session of more than sixteen ounces of
marijuana and that we thus do not have
jurisdiction to consider his petition for re-
view. *See Hall v. INS,* 167 F.3d 852, 854–
56 (4th Cir.1999); IIRIRA § 309(c)(4)(G);
Immigration and Nationality Act
§ 241(a)(2)(B).

Nevertheless, Adeniyi advances a due
process challenge to the Board's use of its
summary affirmance procedure under 8
C.F.R. § 3.1(a)(7) (2002), contending that
the Board failed to follow its own regula-
tion with regard to the issuance of the
summary affirmance. Assuming, without
deciding, that we retain jurisdiction to re-
view substantial constitutional questions in
this context, *see Ramtulla v. Ashcroft,* 301
F.3d 202, 203–04 (4th Cir.2002), we find
that Adeniyi's challenge does not qualify as
such. *See Albathani v. INS,* 318 F.3d 365,
375–79 (1st Cir.2003).

Accordingly, we dismiss Adeniyi's peti-
tion for review for lack of jurisdiction. We
dispense with oral argument because the
facts and legal contentions are adequately
presented in the materials before the court

and argument would not aid the decisional process.

*DISMISSED.*